Public Utilities Commission,
No. 5083.

PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE

*v.*

TENNERIFFE DEVELOPMENT AND RECREATION COMPANY, INC.

Argued November 7, 1962.

Decided November 30, 1962.

340

*Sulloway, Hollis, Godfrey & Soden* and *Arthur W. Mudge II* (*Mr. Mudge* orally), for the plaintiff.

*Fisher, Parsons & Moran* (*Mr. Harold D. Moran* orally), for the defendant.

BLANDIN, J. The only question upon the appeal before us is whether the order of the Public Utilities Commission, granting the plaintiff's petition for condemnation of certain land of the defendant and assessing damages therefor, was clearly unreasonable or unlawful. The issue is governed by RSA 541:13 which reads as follows: "Upon the hearing the burden of proof shall be upon the party seeking to set aside any order or decision of the commission to show that the same is clearly unreasonable or unlawful, and all findings of the commission . . . shall be deemed to be *prima facie* lawful and reasonable; and the order or decision appealed from shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable."

At the outset, it appears undisputed that a transmission line was necessary to meet "the reasonable requirements of service

to the public," as specified by RSA 371:1. In considering the matter of a location for the line, the Commission was free to accept or reject such portions of the evidence before it as it saw fit. *Plymouth Fire District* v. *Water Pollution Comm'n*, 103 N. H. 169, 173-174. It would serve no useful purpose to detail the testimony, which was in effect that there was no alternative location which could match the layout granted by the Commission in ease and economy of construction and maintenance, as well as in safety to the public and efficiency of service. There was also evidence that there would be no diminution in the value of the defendant's remaining property as a result of the taking.

In addition to hearing the witnesses and having before it certain exhibits, the Commission took a view which may have furnished a vital part of the evidence upon which its order was founded. *Gelinas* v. *Portsmouth*, 97 N. H. 248, 251.

While decisions of the Public Utilities Commission are reviewable by this court under RSA 541:6, its orders are deemed prima facie "lawful and reasonable." *Manchester* v. *Railroad*, 98 N. H. 52, 53. The burden is on the complaining party to prove by "a clear preponderance of the evidence" that such orders are "unjust or unreasonable." RSA 541:13. In short, it is the clearly expressed intention of section 13, *supra,* that the conclusions of the Commission "are entitled to great weight and are not to be set aside lightly." *Plymouth Fire District* v. *Water Pollution Comm'n*, 103 N. H. 169, 173-174.

On the record before us, it appears the defendant has not sustained its burden of proving the Commission's order either unreasonable or unlawful, and therefore it cannot be set aside under section 13, *supra. Public Service Co.* v. *State*, 102 N. H. 66.

The order is

*Appeal dismissed.*

All concurred.